# EXHIBIT 1

3476114.1

1  David S. Cohen, Bar #016888
   Elizabeth A. Gilbert, Bar #016498
2  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
3  Phoenix, Arizona 85004
   Telephone: (602) 263-7372
4  Fax: (602) 200-7823
   dcohen@jshfirm.com
5  egilbert@jshfirm.com
   minuteentries@jshfirm.com
6
   Attorneys for Defendant InGenesis, Inc.
7

8              **SUPERIOR COURT OF THE STATE OF ARIZONA**

9                            **COUNTY OF PINAL**

10 | Silverio Deniz, individually and as the statutory plaintiff on behalf of Elisa Sahagun, Maribel Posadas, Jesus Alexander Deniz, Eirck Armando Deniz and Elisa Michelle Deniz, statutory beneficiaries of decedent Juan de Jesus Deniz-Sahagun, | NO. CV2017-00941

**DEFENDANT INGENESIS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

(Assigned to the Honorable Stephen F. McCarville)

Plaintiffs,

v.

Corecivic d/b/a/ Corrections Corporation of America; InGenesis, Inc.; John Does I-X; Jane Does I-X; Black and White Corporations, Partnerships and Associations I-X,

Defendant.

        Defendant InGenesis, Inc., by and through undersigned counsel, hereby answers Plaintiffs' Complaint as follows.

        1.      Defendant denies each and every, all and singular, of Plaintiffs' allegations not specifically admitted herein.

6146409.1

## PARTIES AND JURISDICTION

2. Answering paragraphs 1 – 5 of Plaintiffs' Complaint, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and upon said ground denies each and every allegation contained therein.

3. Answering paragraph 6 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

4. Answering paragraphs 7 – 8 of Plaintiffs' Complaint, the allegations contained therein do not pertain to Defendant. Further, Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in said paragraphs. To the extent any of the allegations contained in said paragraphs are intended to refer to Defendant, those allegations are denied.

5. Answering paragraph 9 of Plaintiffs' Complaint, Defendant admits each and every allegation contained therein save and except Defendant denies that Defendant caused certain events to occur in Pinal County, Arizona.

6. Answering paragraph 10 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

7. Answering paragraph 11 of Plaintiffs' Complaint, the allegations contained therein do not pertain to Defendant. Further, Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in said paragraph. To the extent any of the allegations contained in said paragraph are intended to refer to Defendant, those allegations are denied.

## GENERAL ALLEGATIONS

8. Answering paragraphs 12 – 38 of Plaintiffs' Complaint, Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and upon said ground denies each and every allegation contained therein.

## COUNT I

### (Negligence and Gross Negligence)

9. Answering paragraph 39 of Plaintiffs' Complaint, Defendant incorporates by reference as though fully set forth herein Defendant's responses to the allegations contained in paragraphs 1 – 38 of Plaintiffs' Complaint.

10. Answering paragraphs 40 – 43 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

## COUNT II

### (Negligent Supervision and/or Training)

11. Answering paragraph 44 of Plaintiffs' Complaint, Defendant incorporates by reference as though fully set forth herein Defendant's responses to the allegations contained in paragraphs 1 – 43 of Plaintiffs' Complaint.

12. Answering paragraphs 45 – 46 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

1. Defendant alleges that Plaintiffs failed to state a claim upon which relief may be granted.

2. As a separate defense and in the alternative, Defendant alleges Plaintiffs lack standing to bring a cause of action under Arizona law as Plaintiffs are neither the properly appointed personal representatives of the decedent Juan de Jesus Deniz-Sahagun's estate nor proper claimants/statutory beneficiaries within the meaning of Arizona's wrongful death statute, A.R.S. § 12-612.

3. As a separate defense and in the alternative, Defendant alleges not all statutory beneficiaries or wrongful death claimants, as defined by A.R.S. § 12-612, may have been made a party to this action.

4. As a separate defense and in the alternative, Defendant alleges that the United States District Court for the District of Arizona may have diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5. As a separate defense and in the alternative, Defendant alleges that proper venue for this action lies in the United States District Court for the District of Arizona where the District Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. As a separate defense and in the alternative, Defendant alleges the intentional acts or negligence of someone other than this answering Defendant, including but not limited to decedent Juan de Jesus Deniz-Sahagun and Plaintiffs, caused or contributed to the damages Plaintiffs claim to have suffered, thereby reducing or eliminating any damages owed by this answering Defendant, pursuant to A.R.S. § 12-2505.

7. As a separate defense and in the alternative, Defendant alleges that Plaintiffs, including the decedent Juan de Jesus Deniz-Sahagun, were negligent, in whole or in part, thereby reducing or eliminating any damages owed by Defendant by way of comparative negligence.

8. As a separate defense and in the alternative, Defendant alleges Plaintiffs' injuries, if any, and decedent Juan de Jesus Deniz-Sahagun's death, may have been caused or made worse by an intervening, supervening, and/or superseding cause.

9. As a separate defense and in the alternative, Defendant alleges decedent Juan de Jesus Deniz-Sahagun's death was a voluntary, deliberate, and intentional suicide.

10. As a separate defense and in the alternative, Defendant alleges decedent Juan de Jesus Deniz-Sahagun assumed the risk of damages, and acted intentionally and knowingly, jeopardizing his safety and well-being, thereby eliminating or reducing damages, if any, owed by Defendant.

11. As a separate defense and in the alternative, Defendant alleges Plaintiffs and decedent Juan de Jesus Deniz-Sahagun failed to take responsible steps to mitigate or prevent the damages they claim to have suffered.

12. As a separate defense and in the alternative, Defendant alleges that Plaintiffs' alleged injuries were the result of a pre-existing condition, thereby eliminating or reducing any damages, if any, owed by Defendant.

13. As a separate defense and in the alternative, Defendant alleges Plaintiffs have not suffered any actual harm and/or damages for which they may recover from Defendant.

14. As a separate defense and in the alternative, Defendant alleges Plaintiffs did not suffer any actual physical harm, thereby eliminating recoverable damages for any pain, grief, sorrow, anguish, stress, shock or mental suffering, if any.

15. As a separate defense and in the alternative, Defendant alleges Plaintiffs have not suffered any actual economic harm, thereby eliminating recoverable economic damages, including damages for economic support or loss.

16. As a separate defense and in the alternative, Defendant alleges it had legal justification for all of its actions and performed and discharged, in good faith, each obligation, if any, owed to the decedent and/or Plaintiffs.

17. As a separate defense and in the alternative, Defendant alleges Plaintiffs' injuries, losses and damages, if any, were directly and proximately caused by the actions of other persons, known or unknown at this time, who may or may not be named as parties to this action.

18. As a separate defense and in the alternative, Defendant alleges Plaintiffs' injuries, if any, were proximately caused by various non-parties at fault.

19. As a separate defense and in the alternative, Defendant alleges it acted in good faith and without malice at all times and its conduct and the conduct of its employees was objectively reasonable under the circumstances then existing.

20. As a separate defense and in the alternative, Defendant alleges that its conduct and the conduct of its employees was not negligent or grossly negligent and did not violate or breach the applicable standard of care.

21. As a separate defense and in the alternative, Defendant alleges that its supervision and training of its employees did not violate, breach or fall below the applicable standard of care.

22. As a separate defense and in the alternative, Defendant alleges that its supervision and training of its employees were not the actual, proximate or contributory cause of the death of the decedent Juan de Jesus Deniz-Sahagun.

23. As a separate defense and in the alternative, Defendant alleges that it acted reasonably and within the standard of care in the training and supervision of its employees.

24. As a separate defense and in the alternative, Defendant alleges it did not breach any duty to Plaintiffs.

25. As a separate defense and in the alternative, Defendant alleges its actions and the actions of its employees were not the actual or proximate cause of decedent Juan de Jesus Deniz-Sahagun's death or Plaintiffs' alleged injuries or damages, if any.

26. As a separate defense and in the alternative, Defendant alleges it and its employees were not on actual or constructive notice of a foreseeable and substantial risk of harm to decedent Juan de Jesus Deniz-Sahagun.

27. As a separate defense and in the alternative, Defendant alleges it did not disregard actual or constructive notice of a foreseeable and substantial risk of harm to decedent Juan de Jesus Deniz-Sahagun.

28. As a separate defense and in the alternative, Defendant alleges decedent Juan de Jesus Deniz-Sahagun, a detainee, was not an express or intended third party beneficiary of the detention services contract under which he as incarcerated.

29. As a separate defense and alternative, Defendant alleges Plaintiffs are not entitled to an award of punitive damages under Ariz. Const. art. II, § 35, which prohibits persons who are present in the state in violation of federal immigration law from being awarded punitive damages.

30. As a separate defense and in the alternative, Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, thereby precluding recovery of punitive damages.

31. As a separate defense and in the alternative, Defendant alleges that Plaintiffs are not legally entitled to recover for loss of love, affection, companionship, care and enjoyment, if any.

32. As a separate defense and in the alternative, Defendant alleges Plaintiffs' claims and damages, if any, are limited or precluded by Arizona's survival statute, A.R.S. § 14-3110.

33. As a separate defense and in the alternative, Defendant alleges it may be entitled to an award of attorneys' fees, pursuant to A.R.S. § 12-349.

34. As a separate defense and in the alternative, Defendant alleges the application of foreign law and choice of law issues may limit or prohibit an award of damages or otherwise affect Plaintiffs' standing and/or claims in this action.

35. Although this answering Defendant does not presently have facts in support of the following defenses, this Defendant wishes to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in Arizona Rules of Civil Procedure 8(c) and 12(b), including but not limited to, assumption of risk, estoppel, fraud, illegality, laches, res judicata, statute of limitations, waiver, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and failure to join a necessary party. Defendant reserves the right to amend its Answer to Plaintiffs' Complaint to assert additional defenses or

withdraw defenses and to add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred up through and including trial in this matter.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays for judgment as follows:

1. That Plaintiffs' Complaint be dismissed;
2. That Defendant be awarded its costs, expenses and attorneys' fees; and
3. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED this 7th day of September 2017.

JONES, SKELTON & HOCHULI, P.L.C.


By _____
David S. Cohen
Elizabeth A. Gilbert
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendant InGenesis, Inc.

ORIGINAL of the foregoing electronically filed
this 7th day of September 2017.

COPY of the foregoing mailed/e-mailed
this 7th day of September 2017, to:

Daniel R. Ortega, Jr.
ORTEGA LAW FIRM, PC
361 East Coronado Road, Ste. 101
Phoenix, Arizona  85004-1525
Attorney for Plaintiff

_____

| | |
|---|---|
| 1 | David S. Cohen, Bar #016888 |
| 2 | Elizabeth A. Gilbert, Bar #016498<br>JONES, SKELTON & HOCHULI, P.L.C. |
| 3 | 40 North Central Avenue, Suite 2700<br>Phoenix, Arizona  85004 |
| 4 | Telephone:  (602) 263-7372<br>Fax:  (602) 200-7823 |
| 5 | dcohen@jshfirm.com<br>egilbert@jshfirm.com |
| 6 | minuteentries@jshfirm.com |
| 7 | Attorneys for Defendant InGenesis, Inc. |

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF PINAL

| | |
|---|---|
| Silverio Deniz, individually and as the statutory plaintiff on behalf of Elisa Sahagun, Maribel Posadas, Jesus Alexander Deniz, Eirck Armando Deniz and Elisa Michelle Deniz, statutory beneficiaries of decedent Juan de Jesus Deniz-Sahagun,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Corecivic d/b/a/ Corrections Corporation of America; InGenesis, Inc.; John Does I-X; Jane Does I-X; Black and White Corporations, Partnerships and Associations I-X,<br><br>　　　　　　　　　　　　　Defendant. | NO. CV2017-00941<br><br>**DEFENDANT INGENESIS, INC.'S CERTIFICATE OF COMPULSORY ARBITRATION**<br><br>(Assigned to the Honorable Stephen F. McCarville) |

　　　　Defendants are unable to certify at this time that the largest award sought by Plaintiffs, excluding interest, attorneys' fees and costs, exceeds the limits set by the Local Rules for compulsory arbitration.  Upon receiving sufficient information to make such a determination, Defendants shall file an Amended Certificate Regarding Compulsory Arbitration.

6147084.1

DATED this 7th day of September 2017.

JONES, SKELTON & HOCHULI, P.L.C.


By _____
David S. Cohen
Elizabeth A. Gilbert
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant InGenesis, Inc.

ORIGINAL of the foregoing electronically filed
this 7th day of September 2017.

COPY of the foregoing mailed/e-mailed
this 7th day of September 2017, to:

Daniel R. Ortega, Jr.
ORTEGA LAW FIRM, PC
361 East Coronado Road, Ste. 101
Phoenix, Arizona 85004-1525
Attorney for Plaintiff

_____

1  David S. Cohen, Bar #016888
   Elizabeth A. Gilbert, Bar #016498
2  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
3  Phoenix, Arizona  85004
   Telephone:  (602) 263-7372
4  Fax:  (602) 200-7823
   dcohen@jshfirm.com
5  egilbert@jshfirm.com
   minuteentries@jshfirm.com
6
   Attorneys for Defendant InGenesis, Inc.
7

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF PINAL

| | |
|---|---|
| Silverio Deniz, individually and as the statutory plaintiff on behalf of Elisa Sahagun, Maribel Posadas, Jesus Alexander Deniz, Eirck Armando Deniz and Elisa Michelle Deniz, statutory beneficiaries of decedent Juan de Jesus Deniz-Sahagun,<br><br>                              Plaintiffs,<br><br>v.<br><br>Corecivic d/b/a/ Corrections Corporation of America; InGenesis, Inc.; John Does I-X; Jane Does I-X; Black and White Corporations, Partnerships and Associations I-X,<br><br>                              Defendant. | NO. CV2017-00941<br><br>**DEFENDANT INGENESIS, INC.'S DEMAND FOR JURY TRIAL**<br><br>(Assigned to the Honorable Stephen F. McCarville) |

      Defendants, by and through undersigned counsel, hereby request a trial by jury on all issues of the above entitled matter.

      DATED this 7th day of September 2017.

                              JONES, SKELTON & HOCHULI, P.L.C.

                              By _/s/ David S. Cohen_____
                                 David S. Cohen
                                 Elizabeth A. Gilbert
                                 40 North Central Avenue, Suite 2700
                                 Phoenix, Arizona  85004
                                 Attorneys for Defendant InGenesis, Inc.

1  ORIGINAL of the foregoing electronically filed
   this _7th_ day of September 2017.
2
   COPY of the foregoing mailed/e-mailed
3  this _7th_ day of September 2017, to:

4  Daniel R. Ortega, Jr.
   ORTEGA LAW FIRM, PC
5  361 East Coronado Road, Ste. 101
   Phoenix, Arizona  85004-1525
6  Attorney for Plaintiff

7  _____